GEORGIANA WELCH, Administratrix, and ABRAM GALE, Administrator, of the Estate of Benjamin C. Welch, deceased, Plaintiffs in Error, *v.* JAMES T. HOYT, Defendant in Error.

### ERROR TO COOK.

If an administrator takes upon himself to warrant personal property sold by him, the maker of a note given for such property may show failure of consideration under the warranty.

THE declaration in this case counts upon a note for $112.50, and on an account stated, as administratrix and administrator. Defendant pleaded the general issue, with notice that at the time of making said note, on the 15th April, 1857, he purchased of plaintiffs, and they sold a certain side-slat, extension-top, one-horse buggy, for the sum of $225, half of which was paid down, and the note sued on was given for the balance. That at the time of the sale, the plaintiffs warranted the buggy to be of good, sound material, both wood and iron, and well made; and defendant was induced thereby to purchase it, and that sale and warranty were the only consideration of that note. That defendant will prove that the buggy was constructed of very poor materials; the wood was green, cross-grained trash, of a poor quality, wholly unfit for such purpose. That the iron was of the poorest kind—a sort of pot-metal—brittle, without strength, and wholly unfit for the purpose. That the workmanship was bad, and where concealed from view, rough, and carelessly done. That the paint and varnish were thin, and turned dull as soon as exposed to the weather. That the leather-work was rotten and poorly fastened. That as soon as the buggy was put in use, it rapidly fell to pieces, under ordinary wear and use. The hubs shrunk, in a few days, so that the bands were loose, the iron stays snapped, the reach broke, the bows that support the buggy

broke, the thills came off in a very short time, and the springs gave out, and defendant was obliged to take buggy to shop for repairs in wood and iron work every few days, and was put to large expenditure on said buggy, more than $100. That notwithstanding repairs, buggy is still entirely unfit for purpose intended, or for safe carriage of defendant, and is not, nor ever was, worth the cash paid plaintiffs on purchase. That it was not in any respect such a vehicle as they warranted it to be, which they knew at the time of sale. That defendant has suffered in expense of repairs and loss of use of buggy to amount of $200; and that on trial, he would set off against plaintiffs' claim, so much of said amount as might be sufficient to satisfy it, and claim judgment for balance.

Trial and verdict for defendant at June Term, 1859, of Circuit Court, MANNIERE, Judge, presiding.

Motion for new trial,—overruled, and exception taken by plaintiffs.

The facts averred in the notice of defense were sustained by proof on the trial. ·

‹W. B. SCATES, and M. A. RORKE, for Plaintiffs in Error.

EVANS & HOYT, for Defendant in Error.

CATON, C. J.   This is an action upon a promissory note given for the balance of the agreed price of a buggy, purchased of an administrator, and the question is, whether a false warranty of the buggy may be shown in defense of the action.

If the law did not authorize the administrator to bind the estate by a warranty of the article sold, neither will it authorize him by means of a false warranty to sell the buggy for double its value, and after receiving its full value in cash, procure the purchaser's note for as much more, and then collect the note. The law will not sanction that mode of increasing the amount of the assets of an estate for the benefit of creditors, at the expense of innocent parties. No just law for the government of an upright, fair-dealing people, contains any such traps as this. An estate cannot and should not be augmented in this way. We may, and are bound to presume, that without this warranty, the purchaser would only have given the actual value of the buggy, which, according to the evidence, he paid in cash. The warranty was the consideration of the note, which was the excess of the real value. It was a false warranty, and has entirely failed, and so has the consideration of the note failed. We do not now wish to be understood that the administrator was so authorized to bind the estate by the warranty, or that he

might be sued upon it as administrator; but the proof of the warranty and its failure shows a failure of the consideration of the note.   Had the administrator received the full price agreed upon for the buggy, with the warranty, in cash at the time, and this were an action brought to recover back that portion of the money which was in excess of the real value, another question would be presented, which we do not propose now to decide. Whether that money which *ex equo et bono* belonged to the purchaser should be withheld from him and distributed to the creditors, must be reserved for determination till the question actually arises.

The judgment is affirmed.

*Judgment affirmed.*