JOHN CRABTREE

*v.*

THOMAS L. AND BENAJAH ROWAND, administrators of EDWARD ROWAND, deceased.

EVIDENCE. The giving a note, of itself, unexplained, is not evidence of a settlement of all demands between the parties to such an instrument.

It is evidence for the consideration of the jury, and is to be weighed in the light of all the surrounding circumstances.

APPEAL from the Circuit Court of Edgar county; the Hon. CHAS. H. CONSTABLE, Judge, presiding.

Appellant sued appellees in the County Court of Edgar county, for an amount alleged to be due from Edward Rowand, deceased, for work, labor, &c.

The case was taken by appeal to Circuit Court of the same county, where judgment was rendered for defendants below, and brought into Supreme Court by plaintiff by appeal.

Edward Rowand, deceased, owned several large farms in Vermillion county, Ill., and, about the fall of 1858, employed appellant (Crabtree) to look after his business as a sort of general agent, which position he occupied for about three years. Edward Rowand had sold a half section of prairie land and forty acres of timber to one Benner, and afterwards removed to Ohio, prairie land valued at $20 per acre, and the timber at $40 or $50 per acre. Benner sold the same to appellant. Rowand executed a bond to convey by warranty deed, and Benner was to convey to appellant. Rowand failed to convey, and suit was instituted in the United States Circuit Court for the southern district of Ohio, on the bond, to recover the price at which it was traded, or its value, whichever might be determined as the criterion of damages by the court. Crabtree (appellant) agreed to take whatever Benner got. The case was finally settled by Rowand giving his note to Crabtree for $5,700. This note he hesitated to give for some time, but at last said, "If this will settle all, I reckon I had better do it." Nothing was said at the time about anything in particular but the land.

The third instruction of the court below to the jury was as follows:

"The taking of a note by a party is evidence, of itself, unexplained, of a settlement of all accounts existing between them at the time such note may be given, proper for the consideration of the jury."

The appellant excepted to the giving of this instruction, and his exception allowed, &c.

Verdict for defendants.

The appellant filed in writing his motion for a new trial, assigning that the instruction of the court was erroneous and calculated to mislead the jury.

The motion was overruled by the court and judgment rendered on the verdict of the jury; to which appellant excepted.

The errors assigned are:

1st. The court erred in overruling plaintiff's motion for new trial.

2d. The court erred in giving the instruction to the jury, which was given at the instance of the defendants.

Mr. JOHN SCHOLFIELD, for the appellant.

Mr. JAMES A. EADS, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The assignment of errors in this case questions the correctness of the third instruction given for the defendant below. It is this: "The taking of a note by a party, is evidence of itself, unexplained, of a settlement of all accounts existing between them at the time such note may be given, proper for the consideration of the jury." This instruction presents the question whether the giving a note, of itself, unexplained, is evidence of a settlement of all demands between the parties to such an instrument. We think it is not such evidence. That it is evidence for the consideration of the jury, and is to be weighed in the light of all the surrounding circumstances, is undeniably true; but the simple fact that a note was given, cannot be regarded as proving such a settlement. Inferences and conclusions are drawn from facts proved to exist, because other facts are known usually to attend the facts proved. If the general course of the business of the country was such that a note was never given, or was not usually given, except on a full settlement of all existing accounts between the parties, then the instruction would have been correct. But we know that such is not the business usage of the country.

This rule was announced in the case of *Ankeny* v. *Pierce*, Breese, 226. The court in that case say, it is safer to require a party who resists a demand upon the ground that it has been paid, to prove in what manner it has been paid. And that

slight evidence would, doubtless, be sufficient in such a case, to warrant a jury in presuming that the account was settled when the note was executed, but without any proof .of a settlement of accounts it is presuming too much to justify the court in deciding that the execution of a note is evidence of a settlement of all accounts between the parties. This decision has not been disturbed, and has been acted upon since it was announced as the correct rule. Nor is any reason perceived why we should change a rule so long acquiesced in simply to make it conform to more recent decisions of courts of other States. It seems to us to be based upon reason, well calculated to promote justice, and no necessity exists for a change of the rule. The opposite rule would work hardship, if not manifest injustice, in many cases. This instruction was well calculated to mislead the jury, and for aught we can see, may have produced the verdict on the trial below. The judgment is therefore reversed and the cause remanded.

*Judgment reversed.*