PARKERSBURG NATIONAL BANK *vs.* ANDY ALS..

July Term, 1871.

1. It is error to ask a court to assume by an instruction, that a settlement between parties is binding, whether there be a mistake in it or not, because such instruction is taking from the jury the determination of the facts of the case.
2. The execution of a note in settlement of an account is conclusive upon all the items charged in it, unless some accident or mistake be shown.
3. A bank is not chargeable with interest on sums deposited to the credit of customers to be drawn against by check, until payment be demanded, unless upon special contract.

Action of assumpsit brought by Andy Als in the circuit court of Wood county to August rules, 1869. Judgment at October term following, for plaintiff, for two thousand and ninety-eight dollars and nine cents, with interest on one thousand one hundred dollars thereof from June 7th, 1866, and on the residue from October 30th, 1866.

The following is the bill of particulars filed with the declaration:

THE PARKERSBURG NATIONAL BANK,

To ANDY ALS.            DR.

1866.

June 7.—To money deposited on this day and not credited to my account and not accounted for......................................................................................$1,100 00

Oct. 30.—To amount of Accrued interest on three notes of A. and R. Wild, discounted this day and not credited to my account.................. 600 00

To amount overcharged on discount of above notes, the same being 9 per cent instead of 15 per cent................................................ 460 00

$2,160 00

During the trial the defendant took several bills of exception to the ruling of the court. The first contains substantially all the evidence in the case as is here inserted in full:

"Be it remembered, that upon the trial of this cause the plaintiff gave evidence tending to show that he deposited in said bank, on the 7th day of June, 1866, the sum of one thousand one hundred dollars, one of the items claimed in this suit, in addition to the sum of two thousand four hundred and fifty dollars, the latter being credited to him, while the former was not. He also gave evidence tending to show that he was the owner and holder of three notes executed to him by A. and R. Wild, on the first day of September, 1865, for the sum of two thousand five hundred and sixty-two dollars and fifty cents, each payable in one, two, and three years from their dates, with interest on each from their date; that said notes were left in said bank for safe keeping until about the month of May, 1866, when the plaintiff desired to raise money (upon them) to enable him to build a house in the city of Parkersburg; that he applied to Beverly Smith, Esq., the cashier of said bank, and proposed to dispose of said notes to the bank at a discount of nine per cent upon the principal, the bank to pay him the accrued interest to that time, and the amount of the principal less the nine per cent deducted from said principal; that the cashier said he had no authority to buy the said notes, but told the plaintiff he might check on said bank to meet his purposes, not checking too much at one time; whereupon the plaintiff proceeded to check upon said bank from that time until the latter part of October, 1866, at which time he had overdrawn his account over nine hundred dollars, independent of the proceeds of said Wild notes; that the plaintiff had often urged the cashier to enter the proceeds of said notes to his credit, but the cashier had failed to do so; that on the 30th of October, 1866, the cashier did enter on the bank-books as well as on the pass-book of plaintiff, a credit for the sum of six thousand five hundred and thirty-four dollars and thirty-eight cents, the proceeds of said notes; that this was communicated to the plaintiff on the 3d day of November, 1866, by the teller in said bank, when he gave to the plaintiff his pass-book containing said credit; that the plaintiff was dissatisfied

therewith (and not being able to read English writing), went to his friend, one Samuel Newberger, and got said Newberger to go to the cashier and tell him that he and plaintiff thought there was a mistake in said entry, the credit not being for a sum large enough, to which the cashier replied, he would examine into it, and if he found any error, he would correct it, but never did correct or alter said entry or credit; that the plaintiff's friend, S. Newberger, made repeated applications between this time and the death of said Smith, and received the same promise ; that the accrued interest on the Wild notes to the 30th October, 1866, amounted to five hundred and thirty-eight dollars and twelve cents. And it also appeared that the plaintiff did not discover that he was credited on his account with the deposit of one thousand one hundred dollars, until shortly before the institution of this suit; that he then applied to the bank to allow him credit for such deposit. The defendant gave evidence tending to prove that the cashier had no power to make such a contract or purchase of notes, but that the plaintiff, late in October, 1866, applied to Thompson Leach, a director in said bank and a member of the finance committee, to have the matter in regard to the Wild notes settled, and the proceeds applied to his credit; that the said Leach, with James Cook and cashier, who constituted said committee, did meet in said bank on the 30th of October, 1866, and agreed with themselves (the plaintiff not being present), to take said notes at a discount of fifteen per cent from the face of them, and that inasmuch as said plaintiff had overdrawn his account, as above stated, that they would take no notice of the accrued interest on said notes, nor of the interest on the several sums overchecked by the plaintiff, but that they would credit the plaintiff on his account in said bank with six thousand five hundred and thirty-four dollars and thirty-eight cents, that being the proceeds of said notes, deducting fifteen per cent from the principal, and accordingly instructed the cashier to credit said plaintiff with the sum of six thousand five hundred and thirty-four dollars and thirty-eight cents, and transfer the credit on his pass-book, which the officers of the bank did without the privity, knowledge, or consent of plaintiff. And that on the 3d day of November, 1866, the pass-book of

plaintiff was furnished to him with the credit aforesaid upon it, and *that* showed him the entry only. The teller so explained the matter to the plaintiff, that the plaintiff said nothing then, but went to his friend Newberger. The defendant proved that the plaintiff's account was still overdrawn and unsettled by payment or note until the 21st of May, 1867, prior to which time B. Smith, cashier, departed this life ; that after his death the plaintiff was called in to settle the balance standing against him by payment or note, when on the 21st of May, 1867, he executed his note at four months for two thousand nine hundred and seventy-five dollars and seventeen cents, that being the balance standing against him, including a note that he owed said bank in addition to said balance, with Samuel Newberger his security, without at that time claiming any other or further credit on his said account for the said deposit of one thousand one hundred dollars, or for the proceeds of said Wild notes ; and it was proven that on the same day, 21st May, 1867, said plaintiff executed to said Newberger a deed of trust upon real estate in the city of Parkersburg to secure him in his said suretyship for said note of two thousand nine hundred and seventyfive dollars and seventeen cents so executed to the defendant.

"After all the evidence was given to the jury, the defendant moved the court to instruct the jury that if the jury believe from the evidence and facts proven that a settlement had been made by and between the plaintiff and defendant on the 21st day of May, 1867, of and concerning the bank account of the plaintiff with the defendant, and a note had been executed for the balance of two thousand nine hundred and seventy-five dollars and seventeen cents, by the plaintiff, with S. Newberger as his surety, and that the plaintiff had at the same time executed a deed of trust under his seal, upon property to secure the said Newberger in his suretyship upon said notes; that the plaintiff could not recover in this action for anything on said bank account, for any error in the price of the Wild notes prior to said 21st of May, 1867, which instruction the court refused to give, to which opinion in so refusing, the defendant excepts, and prays that this his exception may be signed, sealed, and made a part of the record, which is done."

The third bill of exceptions, which was considered by this court, is as follows:

"Be it remembered, that upon the trial of this cause, and after the plaintiff and defendant had given the evidence contained in the bill of exceptions filed in this cause No. 1, which is referred to and made part of this bill, to show and prove what the contract was between them in regard to the sale and price to be paid by the defendant to the plaintiff for the Wild notes, and also as to the settlement therefor, and the execution of a note for the balance found due on the 21st of May, 1867. The defendant moved the court to instruct the jury that if they believe from the evidence that the defendant, on the 30th of October, 1866, entered a credit to the plaintiff for the sum of six thousand five hundred and thirty-four dollars and thirty-eight cents as the price of the Wild notes, and that this fact was communicated to the plaintiff on the 3d of November, 1866, and that the plaintiff afterwards, on the 21st of May, 1867, closed his account with the defendant by note with Newberger as security, with the knowledge that the said sum of six thousand five hundred and thirty-four dollars and thirty-eight cents as the price of the said notes, was deducted from his account with the defendant; that the plaintiff cannot recover in this action for the price or interest of the Wild notes claimed in his account, filed with the declaration in this cause, which instruction the court refused to give, to which opinion of the court the defendant excepts, and prays that this his exception may be signed, sealed, and made a part of the record, which is done."

The fourth exception was taken on the ground of a refusal of a new trial. The defendant brought the case to this court.

*M. Edmiston* and *O. Johnson* for the plaintiff in error.
*J. M. Jackson* for the defendant in error.

MAXWELL, J. The first cause of error assigned is, the court below erred in refusing to give the instructions asked for in bill of exceptions No. 1. The objection to this instruction is that it asks the court to assume that the settlement made between the parties on the 21st day of May, 1867, was binding upon the plaintiff, whether there was any mistake in it

or not, which is taking from the jury the determination of the facts in the case. The instruction was therefore properly refused. Another ground assigned as error is that it was error not to give the instructions in bill of exceptions No. 3. The instruction in this bill of exceptions was, the defendant moved the court to instruct the jury that if they believed from the evidence that the defendant, on the 30th of October, 1866, entered a credit to the plaintiff for the sum of six thousand five hundred and thirty-four dollars and thirty-eight cents, as the price of the Wild notes, and that this fact was communicated to the plaintiff on the 3d. of November, 1866, and that the plaintiff afterwards, on the 21st of May, 1867, closed his account with the defendant by note, with Newberger as security, with the knowledge that the said sum of six thousand five hundred and thirty-four dollars and thirty-eight cents as the price of the said notes, was deducted from his account with the defendant, that the plaintiff cannot recover in this action for the price or interest of the Wild notes, in his account filed with his declaration in this cause. This instruction under the evidence was clearly right, and should have been given to the jury. It is well settled that the execution of a note in settlement of an account is conclusive upon all the items charged in it, unless some accident or mistake be shown. There is no evidence in the record tending to show that there was any mistake as to the credit in respect to the Wild notes, and the instruction asked carefully guards against misleading the jury. Under the instruction asked, the jury was to believe from the evidence that the plaintiff executed the note, with the knowledge that he was credited with a specified amount as the proceeds of the Wild notes. It does not become necessary to decide the question made on the motion for a new trial, as the error in refusing to give the instructions asked, will result in another trial. It may be as well to say, however, that it was right under the evidence to charge the bank with interest on the sum of one thousand one hundred dollars from the time it was placed in it, because the sum was not entered to the credit of the plaintiff to be checked against, as is the usual course of business. A bank is not chargeable with interest on sums deposited to the credit of customers to be drawn

against by check, until payment of the deposit be demanded, unless upon special contract. The judgment complained of will have to be reversed, for the refusal of the court to give the instructions asked, with costs to the appellant, and the cause remanded to the court below for a new trial to be had therein.

The other judges concurred.

JUDGMENT REVERSED.