## HIRAM H. ROSENCRANTZ

*v.*

## WILLIAM W. MASON.

PROMISSORY NOTE—*as evidence of settlement of accounts.* Although the giving of a promissory note, of itself, unexplained, is not sufficient evidence of a settlement of all demands between the parties, yet, it may be considered by the jury, with other evidence or facts, to show a settlement of prior accounts, and may be weighed in the light of the surrounding circumstances.

APPEAL from the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. NELSON & ROBY, for the appellant.

Mr. A. B. BUNN, for the appellee.

Per CURIAM:   Appellee brought assumpsit against appellant on three promissory notes; the first, dated April 1, 1872, payable one day after date, for $368, with interest at the rate of ten per cent per annum from date; the second, dated May 5, 1870, payable to Anderson Bradley, and by him assigned to plaintiff, for $14, with interest at ten per cent per annum if not paid at maturity, and due four months after date; and the 3d, dated April 2, 1872, payable nine months after date, for $95, with ten per cent interest.

Appellant pleaded the general issue and a set-off.

By agreement of parties, the cause was tried by the court without the intervention of a jury, who, after allowing appellant credit for two items,—one of $75, and the other of $20,—gave judgment for the residue of principal and interest then due on the notes, amounting to $641.65.

The only point made for reversing the judgment is, that the preponderance of the evidence shows that appellant was entitled to be credited with a sum largely in excess of that allowed by the verdict of the jury.

Appellee testified that, when the ninety-five dollar note was given, he and appellant had a full and complete settlement of all their matters of account, and that note was given for the balance then found due.   In this he is contradicted by appellant; but while, as was held in *Ankeny* v. *Pierce*, Breese, 226, and *Crabtree* v. *Rowand*, 33 Ill. 421, the giving of a note, of itself, unexplained, is not evidence of a settlement of all demands between the parties to such an instrument, it is, as there said, evidence for the consideration of the jury, and is to be weighed in the light of the surrounding circumstances; and, in the present case, the circumstance of the giving of the note tends to corroborate the testimony of appellee.

It is not necessary to say what, in our opinion, might have been our conclusion had we occupied the position of the court below, because some circumstances, such as the appearance and bearing of witnesses while testifying, which, very properly, give credit to the witness, or inspire distrust of his truthfulness, can never be preserved by a bill of exceptions; and it is, therefore, only when the finding is clearly and palpably against the weight of the evidence, that we will disturb it. Such, we are not convinced, is the fact in the issue under consideration.

Assuming the court did not err in this regard, it is not seriously claimed injustice is done by the verdict in other respects.

The judgment is affirmed.

*Judgment affirmed.*