# WHEELING.

## VARNER *v.* CORE.

Submitted August 11, 1882.—Decided November 11, 1882.

1. An affidavit that the defendant has discovered new and material evidence which was not in his knowledge or control at or before the trial; but does not state what the evidence is, or that it could not have been obtained by due diligence before the trial, is not sufficient to authorize the court to grant a new trial. (p. 475.)

2. An exception to the opinion of the court refusing a new trial states the evidence introduced on the trial, and not the facts proved. The exceptor in such case occupies the position of a demurrant to the evidence, and unless, after rejecting all his parol evidence which conflicts with that of the other party, and giving to that of the latter full credit, the decision still appears

to be plainly wrong, the Appellate Court will not revise the judgment.  (p. 476.)

3. To an action of *assumpsit* the defendant pleads *non-assumpsit* and relies upon a settlement of the account sued on as a bar to the action.   The evidence tended to show that the defendant coerced the plaintiff into the settlement in the absence of his books and papers, and that the settlement was grossly erroneous.   The defendant did not object to the plaintiff proving to the jury his general account or ask the court to require him to point out the errors in the settlement of which he complained. The jury found a verdict for the plaintiff disregarding the settlement.   HELD :

 I. Whether or not a settlement was in fact made was a question for the jury upon all the evidence.   (p. 477.)

 II. The defendant, having failed during the trial to ask the court to require the plaintiff to file a statement pointing out his objections to the settlement, can not complain of the want of such statement in this Court.   (p. 478.)

 III. In cases of fraud or gross mistake, or undue advantage, or imposition made palpable to the court, the court will not require the plaintiff to specify the errors in the settlement of which he complains, but will permit him to proceed on his account *de novo*.   (p. 478.)

Writ of error and *supersedeas* to two judgments of the circuit court of the county of Pleasants, rendered respectively on the 14th day of October, 1881, and on the 15th day of March, 1882, in an action at law in the said court then pending, wherein George W. Varner was plaintiff, and W. G. H. Core was defendant, allowed upon the petition of said Core.

Hon. James M. Jackson, judge of the fifth judicial circuit, rendered the judgments complained of.

The facts of the case are stated in the opinion of the Court.

*Ewing, Melvin & Riley* for plaintiff in error cited the following authorities :   5 W. Va. 50 ;  Waterman Set-off, 641 ; 10 Barb. 213 ;  4 Paige. 481 ;  2 Barb. 586 ;  Minn. Inst. v. 4 ph. 1 ;  1 Chitty. Pl. (4th Am. Ed.) 477 ;  12 Wall. 150, 232 ; 3 Am. Dec. 745 ;  Sto. Eq. Jur. 1 § 523-4-5.

*William P. Hubbard* and *Henry M. Russell* for defendant in error cited the following authorities :   12 W. Va. 23 ;  14

W. Va. 23 ; 16 W. Va. 308; 18 N. Y. 288; 7 W. Va. 608 ;
11 Wheat. 237 ; 10 Wall. 129; 12 Q. B. 531; 14 C. B. 616;
8 M. & W. 140 ; 10 W. Va. 250; 12 W. Va. 94; 13 W. Va.
13.

SNYDER, JUDGE, announced the opinion of the Court:

This was an action of *assumpsit* brought in the circuit
court of Pleasants county, on the 13th February, 1880, by
George W. Varner against W. H. G. Core. The declaration con-
tains the common counts only, and with it the plaintiff filed
an itemized account against the defendant aggregating three
thousand eight hundred and forty-eight dollars and fifty
cents.   The defendant at the April term, 1880, entered the
plea of *non-assumpsit* on which issue was joined, and also
filed specifications of set-off.   At the succeeding November
term, the defendant, by leave of the court, filed as an addi-
tional set-off a note executed to him by the plaintiff, on the
7th August, 1879, for one hundred and fifty-seven dollars
and thirty-one cents.   At the March term, 1881, the case
was tried before a jury which found a verdict for the plaintiff
for two thousand and four hundred dollars.   This verdict
the court, on the motion of the defendant, set aside and
awarded a new trial.   Another trial was had at the following
July term before a jury which found a verdict in favor of
the plaintiff for two thousand two hundred and fifteen dol-
lars and eighty-nine cents.   The defendant moved the
court to set aside this verdict also, which motion the court
took time to consider until the next term, and directed a
commissioner to audit the accounts filed in the cause by the
parties, strike a balance between them and report to the
court at its next term.   The commissioner made and filed
his report charging a balance of two thousand two hun-
dred and forty-two dollars and thirty-eight cents in favor
of the plaintiff.   The defendant, on the 12th October, 1881,
as an additional ground for a new trial, filed his affidavit,
stating that he had discovered new and material evidence.
The court, on consideration of the evidence, the said report
of the commissioner and the affidavit of the defendant, over-
ruled the defendant's motion for a new trial and entered
judgment for the amount of the verdict.   To this ruling and

judgment of the court the defendant expected and tendered his bill of exceptions, setting out all the evidence heard on the trial, also the report of the commissioner and the affidavit of the defendant, which was signed by the court and made part of the record. The defendant, Core, brought the case to this Court on a writ of error.

There was no objection made or exception taken during the trial to any part of the proceedings until after the jury had returned their verdict, and even then, the only motion made by the defendant was, to set aside the verdict and grant him a new trial, because the verdict was contrary to the law and the evidence, and because he had discovered new and material evidence since the trial before the jury; consequently, the only question which fairly arises upon the record is, whether or not the court erred in denying the motion of the defendant to set aside the verdict and grant him a new trial.

The affidavit filed by the defendant is, in substance, that since the trial before the jury he "has discovered new and material evidence which was not in his knowledge or control at or before the time of the last trial of this cause," and that he "verily believes if he can be granted a new trial the said discovered evidence upon another hearing would change the verdict in his favor." This affidavit does not state what the new evidence is, or that it could not have been obtained before the trial by due diligence. To grant a new trial upon such an affidavit would be to violate well settled principles of law, and to offer a premium to negligent or fraudulent suitors to omit the exercise of proper diligence in preparing for the trial of cases. To authorize a new trial for after discovered evidence the application must show that the new evidence could not have been discovered before the trial by reasonable diligence; and the party must file his own affidavit and that of the witnesses by whom he expects to prove the facts, setting forth the facts they will swear to on the trial, unless it be shown that the latter cannot be obtained, and then a satisfactory excuse must be given for their non-production. *State* v. *Williams*, 14 W. Va. 851; *Brown* v. *Spyers*, 20 Gratt. 296.

Was the verdict of the jury contrary to the law and the

evidence? The bill of exceptions, as we have seen, certifies the evidence and not the facts proved. The rule in such cases is that the exceptor occupies the position of a demurrant to the evidence; unless, therefore, it appears, that after rejecting all the conflicting parol evidence of the exceptor, and giving to that of the other party full credit, the decision was still wrong, the Appellate Court cannot revise the judgment of court below. *Newlin* v. *Beard*, 6 W. Va. 110; *Sheff* v. *The City of Huntington*, 16 W. Va. 307; *Fowler* v. *B. & O. R. R. Co.*, 18 *Id.* 579.

Testing the case by this rule, is the evidence insufficient to support the verdict? The plaintiff testified that his account was just and unpaid; that, on the 7th August, 1879, he was in the town of St. Marys and while there C. C. Davis, a lawyer, came to him and stated that Core, the defendant, had placed his accounts against the plaintiff in his hands for suit and he wanted him to go to the law office of said Davis and the defendant, Core, and settle or he would sue him; that he then went to said law office where the defendant produced his notes and accounts for settlement; that he told defendant he was not ready to settle as he had not all his papers with him and wanted to go home, some miles from St. Marys, and get his books and papers, but the defendant objected and threatened that he would sue him before he left town if he did not settle; that under this threat and these circumstances he and the defendant made a false and erroneous settlement, and he executed to defendant his note in the words following:

"One year after date, I promise to pay to the order of W. G. H. Core one hundred and fifty-seven dollars and thirty-one cents, it being due him on settlement of store account, with interest from date.

"Witness my hand this 7th day of August, 1879.

"G. W. VARNER."

He further testified that a fair and just settlement was all he wanted and that such settlement would show the defendant had swindled him, and that the defendant owed him about two thousand five hundred dollars.

The defendant testified that he made a settlement with the plaintiff at the law office of Core & Davis in St. Marys and the defendant executed to him the note above given as the result

of said settlement, and in full of the balance due him, after deducting four hundred dollars, the price of a pair of mules, harness and wagon which the defendant that day sold to him; that the settlement was full and fair; and that he made no threats to sue the plaintiff at that or any other time; but the defendant did not deny or question the correctnness of the account sued on by the plaintiff, nor did he deny that the plaintiff objected to going into any settlement until he could go home and get his books and papers. C. C. Davis testified for the defendant that he was present at the settlement and assisted therein; that he did not remember making any threats, but he had been directed by the defendant to sue the plaintiff if he did not settle and may have told him so. One Hess, also, testified on behalf of the defendant that he saw the plaintiff sign the note of August 7, 1879; that he saw all the parties leave the law office after the settlement and they were in a good humor; and that he heard no threats, but he was not present during the whole time of the settlement. This is the substance of the testimony so far as it is material to the question under consideration. If the evidence of the defendant which is in conflict with that of the plaintiff is excluded, the verdict of the jury is certainly not contrary to the evidence.

But it is insisted by the plaintiff in error that the evidence shows that a settlement was made of all the accounts between the parties resulting in a balance in favor of the defendant for which the plaintiff executed to him his note, and that "this is conclusive, unless some accident or mistake be shown." To sustain this position he cites *Als* v. *Parkersburg National Bank*, 5 W. Va. 50, and Waterman on Set-off, Recoupment and Counter Claims 641 to 644. This proposition of law is substantially correct and sustained by the authorities; but it does not relieve the defendant under the facts in this case. In *Parkersburg National Bank* v. *Als.*, *supra*, the court held that, "It was an error to ask the court to assume by an instruction, that a settlement between parties is binding, whether there be a mistake in it or not, because such instruction is taking from the jury the determination of the facts of the case." This was an action of *assumpsit*, and is authority to show that in such cases it is the prov-

ince of the jury to determine the effect to be given to a settlement. *Rosencrantz* v. *Mason*, 85 Ill. 262; *Thomas* v. *Hawkes*, 8 M. & W. 140. In the case at bar the jury having found that the settlement was not binding this Court is concluded by that finding unless it is plainly against the evidence. If we exclude the testimony of the defendant's witnesses as to the character of the settlement, as we must do under the rule hereinbefore stated, the testimony of the plaintiff is sufficient to warrant the finding of the jury. It is certainly not plainly against the evidence. While the evidence of the plaintiff is not sufficient to establish legal duress or, perhaps, actual fraud, it is sufficient to prove that the settlement was obtained by an unfair advantage; and the difference between the verdict in this action and the result of that settlement, being over two thousand dollars, clearly proves that the settlement was grossly unjust and erroneous.

In *Adams* v. *Farnsworth*, 15 Gray 423, which was an action brought by the town against its treasurer for money had and received by the defendant to the plaintiff's use, and not accounted for by the defendant in his annual settlements with the town, it was held, that the defendant may show errors in the account tending to balance it, without pleading them in set-off. Upon the same principle the plaintiff, in an action to which the defendant has pleaded *non-assumpsit* and filed a settlement as set-off, may show errors in the settlement without pleading them. There can be no question of his right to do so when the defendant does not in the trial court object. In the case at bar the plaintiff proved undue advantage and gross errors in the settlement; and, therefore, neither in a court of equity nor a court of law was he bound to specify the particular errors of which he complained. *Bankhead* v. *Alloway*, 6 Coldw. 56; *Wiggins* v. *Burkham*, 10 Wall. 129; *Perkins* v. *Hart*, 11 Wheat. 237; *Lockwood* v. *Thorne*, 18 N. Y. 292; *Ruffner* v. *Hewitt*, 7 W. Va. 585.

If, however, the plaintiff had failed to prove undue advantage and gross errors, and the defendant under *non-assumpsit* or other proper plea had shown that there had been a settlement, this would, perhaps, have precluded the plaintiff from going into an enquiry of the justice of the several items of the account thus settled. *Lyne* v. *Gilliat*, 3 Call. 5. But in

such case if any errors or mistakes in the account appeared on the trial the court would not have dismissed the plaintiff's action; but would, on the motion of the defendant, have required the plaintiff to file a statement, pointing out specifically the errors of which he complained, so as to give the defendant notice of his objections and thus be prepared to meet them by a counter-statement and evidence. The action of *assumpsit* is an equitable proceeding, and in this regard the practice in courts of equity may be followed. *Shugart* v. *Thompson*, 10 Leigh 434; *Chapman* v. *Shepherd*, 24 Gratt. 377; *McGuire* v. *Wright*, 18 W. Va. 507.

It is, however, unnecessary to decide, definitely, what should be done in a case where objection is made to going into the general account; because in the case at bar the defendant made no objection to the proceeding during the trial, nor did he ask the court to require the plaintiff to specify the errors in the settlement of which he complained, and as there were two trials he certainly could have learned from the first trial the character of the demand which the plaintiff would make on the second; so that he cannot now claim that he was taken by surprise. Having thus neglected to avail himself of the irregularity, if any was committed, at the trial where it might have been corrected by the court, the defendant cannot make the objection for the first time in the Appellate Court. It follows, therefore, that the court did not err in overruling the defendant's motion to set aside the verdict.

It is further insisted by the plaintiff in error, that the court erred in referring the case to a commissioner to have the accounts audited and a balance struck between the parties and by considering the report of said commissioner in its action upon the defendant's motion for a new trial. This reference was made after the verdict had been returned, and the bill of exceptions states that "the report had been ordered by the court merely for its own information as to the exact state of the accounts between the parties and for no other purpose." The defendant did not object to the reference and did not except to the report. He cannot, then, in this Court insist upon any error in said order or in the report, unless the tendency of such error was to influence the court improperly to

deny his motion to set aside the verdict.   But the action of the court on this motion, being wholly dependent upon and necessarily determined by the evidence before the jury, this report, which formed no part of the evidence, could have had no influence on it whatever.   .And, as we have already shown, the court rightly denied the motion to set aside the verdict on the evidence, the defendant could not have been prejudiced by either the reference or the report whether the action of the court was in that regard regular or not, and he cannot complain in this Court.

The judgment of the circuit court must, therefore, be affirmed with costs to the defendant in error and damages according to law.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.