## PATRICK  H.  HEFFRON
### v.
## CHAPIN & GORE.

*Negotiable Instrument—Note—Set-cff—Evidence.*

1.   While the giving of a note, of itself, unexplained, is not evidence of a settlement of all accounts between the parties, it tends to corroborate testimony of such settlement.

2.   In connection with other circumstances, without any direct testimony of a settlement, the giving of a note may be evidence of the existence of a demand, subject to no counter-claim.

[Opinion filed April 21, 1890.]

IN ERROR to the Circuit Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Messrs. OSBORNE BROS. & BURGETT, for plaintiff in error.

Mr. C. H. REMY, for defendants in error.

GARY, P. J.   The Chapin & Gore Company sued Heffron upon a promissory note.   He claimed a set-off of $2,000, originating, as he testified, in an exchange of checks in May and June, 1888.

The note was given the following September, and in November, he gave them checks for $10,000, one of which

was for $2,000. He could not remember with what individual of the several persons authorized to do business for Chapin & Gore, he made the exchange. They were severally called as witnesses, and had no recollection of the transactions. His notice of set-off claimed $6,700, but was accompanied by no bill of particulars, and as far as the record shows, he never made any claim for the $2,000 until he testified on the trial in January, 1890. This is not a case of conflicting evidence, but of uncertain evidence, the probability or improbability of which is to be determined by considering it in connection with all the circumstances.

While the giving of a note, of itself, unexplained, is not evidence of a settlement of all accounts between the parties, it tends to corroborate testimony of such a settlement. Rosencrantz v. Mason, 85 Ill. 262.

In connection with other circumstances, without any direct testimony of such a settlement, the giving of a note may be evidence of the existence of a demand, subject to no counterclaim. The question was one of fact, on which the finding of the court has the force and effect of the verdict of a jury. Lennon v. Goodspeed, 38 Ill. 438.

The judgment is affirmed.

*Judgment affirmed.*