STILLMAN W. WHEELOCK

*v.*

GEORGE W. BERKELEY *et al.*

*Filed at Ottawa June 15, 1891.*

1. WARRANTY—*measure of damages for breach.* The measure of damages for a breach of warranty on the sale of property is the difference between the value of the property as warranted and its actual value at the date of the breach. It is immaterial how much the purchaser may have realized from the property.

2. SAME—*retaining possession after known breach—whether waiver.* The mere fact that a purchaser retains possession of the property bought after a known breach of warranty, while it may bar him from a rescission of the contract, will not constitute an abandonment of his remedy by cross-action, or by a counter-claim in the vendor's action for the price.

3. SAME—*breach interposed in defense to action for price.* In an action upon a note given for the price of a horse, or one in renewal of such note, it is competent for the defendant to interpose in defense a breach of the warranty of the soundness and speed of the horse.

4. RENEWAL NOTE—*consideration.* Where a promissory note is given in renewal only of a prior one, the real consideration for which it is given is that for which the prior note was given, and it is competent, in a suit upon the subsequent note, to show that the consideration has failed.

5. SAME—*renewal or payment.* Whether a subsequent note is given in payment of or only in renewal of a prior one, is not a question of law, but one of fact, to be determined by the jury.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Lee county; the Hon. JAMES H. CARTWRIGHT, Judge, presiding.

Messrs. W. & W. D. BARGE, for the appellant:

If at the time the renewal note was given the parties signing knew of the fraud in the original, they will be regarded as purging the contract of the fraud, and can not then plead it. So if the maker of a note held by an indorsee who knew that the consideration between the maker and payee had failed when he took it, executes to him a new note, it has been held to be a waiver of the defense, and the payee of the new note can recover. 1 Daniel on Neg. Inst. sec. 205; *Gill* v. *Morris,* 11 Heisk. 614.

So if a lame horse is sold with a warranty that he will recover, and the vendee afterward sells the horse, the horse still being lame, and after such sale the buyer gives his note in payment for the horse, he thereby waives whatever claim he may have on account of the breach of the warranty, and he.

can not impeach the consideration of the note.   *Crabtree* v. *Crawford*, 25 Ill. 248.

If A gives his note in payment for rent due from him on a lease which the lessor had no right to make, and afterward, with knowledge of this failure of power, gives a new note in lieu thereof, he can not, in a suit on the note, set up a failure of consideration.   *Market Co.* v. *Kelley*, 113 U. S. 199.

The compromise of a disputed claim on the original note is a sufficient consideration for the new notes.   *Market Co.* v. *Kelley*, 113 U. S. 199 ; *Russell* v. *Cook*, 3 Hill, 504 ; *Wilton* v. *Eaton*, 127 Mass. 174 ; *Keefe* v. *Vogle*, 36 Iowa, 87.

When a note is surrendered and a new one given in its stead, a new contract is made, and in a suit on the new note the consideration of the original can not be questioned, and all testimony relating to matters existing before the making of the new note is improper, and should be disregarded.   *Gill* v. *Morris*, 11 Heisk. 614 ; *Wickenkamp* v. *Wickenkamp*, 77 Ill. 92 ; *Market Co.* v. *Kelley*, 113 U. S. 199 ; 1 Daniel on Neg. Inst. sec. 205.

The defendant used the horse for years to his advantage. Whatever this use was worth should be deducted from the amount, if any, which he can set off against the claim of the plaintiff.

Messrs. DIXON & BETHEA, and Mr. R. S. FARRAND, for the appellees :

There was a warranty of the horse and a breach of the same. The appellees were not estopped from setting up this by the giving of the new notes, even if they knew of the breach when they gave them.   *Cantrall* v. *Fawcett*, 2 Ill. App. 569 ; *Crabtree* v. *Rowan*, 33 Ill. 423 ; *Hoxie* v. *Insurance Co.* 32 Conn. 40 ; 1 Parsons on Notes and Bills, 178 ; 2 id. 204.

It was a question for the jury to determine, from the evidence, whether the question as to damages on account of such

breach was settled when the new notes were given. See authorities above.

The measure of damages is the difference between what the horse was actually worth, and what he would have been worth had he been as warranted. 2 Sutherland on Damages, 425, *et seq.; Crabtree* v. *Kile,* 21 Ill. 180 ; *McClure* v. *Williams,* 65 id. 390.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court :.

This is assumpsit, by appellant, against appellee, on two promissory notes. The defense is, failure of consideration,. in that these notes were given in renewal of prior notes given by and to the same parties for the warranty of the soundness and speed of a horse, which warranty was broken, and appellee was thereby damaged more than the amount now due upon the notes.

The questions arising upon rulings of the lower court discussed in the arguments before us, are : First, is the giving and acceptance of a subsequent note in lieu of a prior note,. which is taken up and cancelled, a waiver of the defense that the consideration of the prior note was a warranty which has been broken, it being known at the time by the party giving the subsequent note that the warranty had been broken ; and' second, if not, should the amount of damages resulting from the breach of the warranty be reduced by the amount which the maker of the note has realized from the warranted horse.. Both questions must be answered in the negative.

*First*—The giving of a note, unexplained, is not conclusive evidence of a settlement of all the demands between the parties to such an instrument, but the question of the intent of the parties, in such case, is one of fact, to be determined by the jury from all the evidence relating to the transaction.. *Ankeny* v. *Pierce,* Breese, (Beecher's ed.) 289 ; *Crabtree* v. *Rowand,* 33 Ill. 421. And so, also, whether a subsequent note

is given in payment of or only in renewal of a prior note, is not a question of law, but one of fact, to be determined by the jury; and when it is given in renewal only of a prior note, the real consideration for which it is given is that for which the prior note was given, and it is, in a suit upon the subsequent note, competent to show that that consideration has failed. (*House* v. *Davis*, 60 Ill. 367; 1 Parsons on Bills and Notes, pp. 176, 177, and notes; Tiedeman on Com. Paper, sec. 180.) In *Crabtree* v. *Crawford*, 25 Ill. 248, and *Wickenkamp* v. *Wickenkamp*, 77 id. 92, the discussion is one of fact only, and it was not intended to lay down any rule of law contrary to what is here asserted.

It is competent to interpose a breach of the warranty in consideration of which the note was given, as a defense to a suit upon the note. (*Welch* v. *Hoyt*, 24 Ill. 117.) And we held in the recent case of *Underwood* v. *Wolf*, 131 Ill. 425, that the mere fact that a party retains possession of property after a known breach of warranty, while it may bar him from a rescission of the contract, will not constitute an abandonment of his remedy by cross-action or by a counter-claim in the vendor's action for the price.

*Second*—The measure of damages for a breach of warranty is the difference between the value of the property as warranted and its actual value at the date of the breach. (*McClure* v. *Williams*, 65 Ill. 390; 2 Sutherland on Damages, p. 425, *et seq.*) It is therefore of no consequence what the purchaser may have realized from the property.

The judgment is affirmed.

*Judgment affirmed.*