## Paul Tiemer, Appellee, v. M. Zeidman, Appellant.

## Gen. No. 15,477.

1. MEASURE OF DAMAGES—*in action for breach of warranty as to quality*. Where no contract arrangement was made as to the place of delivery of merchandise, the measure of damages in case of a breach of the warranty for quality is the difference between the value of the merchandise as warranted and the actual value thereof at the time and place of delivery.

2. MEASURE OF DAMAGES—*in action for breach of warranty as to quality*. If merchandise was bought to be shipped abroad, and this was known to the vendor when he sold the merchandise, then the vendee's measure of damages is the difference between the value of the merchandise as warranted and its actual value at the place and for the purpose contemplated.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the March term, 1909. Reversed and remanded. Opinion filed January 23, 1911.

SCHUYLER, JAMIESON & ETTELSON, for appellant.

HENRY W. LEMAN and FRANK H. CULVER, for appellee.

Mr. Presiding Justice Baker delivered the opinion of the court.

Defendant, doing business in Chicago, sold by sample to the plaintiff, doing business in New York, a carload of hog's hair (20,000 lbs.), to be delivered f. o. b. Chicago. The contract was by correspondence, and its construction is for the court. The court properly instructed the jury that the defendant warranted that the quality of the hair in the carload should be strictly the same and equal to the quality of the hair in the sample bales delivered by defendant to the plaintiff. In assumpsit for a breach of the warranty, plaintiff had judgment for $560, and the defendant appealed.

August 8, 1905, defendant sent to plaintiff three bales of hair as a sample. September 13 plaintiff by letter asked defendant for an offer of a 30,000 lbs. car of hair, quality same as sample. September 15, defendant by letter offered to furnish plaintiff 20,000 lbs., same quality as sample, at 5c a pound f. o. b. Chicago. September 19 plaintiff wrote defendant that he had cabled defendant's offer "to our friends abroad and will let you know in a few days." September 27 plaintiff accepted defendant's offer. Plaintiff sent the sample bales of hair to Weingreen at Hamburg, and by correspondence by cable sold the hair bought of plaintiff to Weingreen by said sample at 6 cents per lb. f. o. b. New York. November 4 defendant shipped the hair to plaintiff, drew a draft for $1,169.65, the purchase price, with bill of lading attached, and plaintiff paid the draft. Plaintiff shipped the hair to Weingreen at Hamburg, drew a draft for the purchase price, with bill of lading attached, and Weingreen paid the draft. After the hair was received Weingreen claimed that it was inferior to the sample, and made a claim on plaintiff because of such inferiority for 3,350 marks. This claim was afterwards reduced to 2,700 marks and was then paid by plaintiff to Weingreen.

Had nothing been said between the parties as to the place where the hair contracted for was to be sent, the measure of damages in case of a breach of the warranty would have been the difference between the value of the hair as warranted and the actual value of the hair delivered at the time and place of delivery. Wheelock v. Berkely, 138 Ill. 153. If this rule is applicable in this case, the judgment must be reversed, because there is no evidence in the record to sustain the award of damages. Evidence of the price paid for the warranted hair in Chicago was admissible as tending to show the value of the hair as warranted, but there is no evidence to show the actual value in Chicago of the hair delivered. There is evidence that the hair delivered, upon examination and comparison with the sample bales at Hamburg, was found to be greatly inferior to the hair in the sample bales, and in value fifty per cent. less than the hair in the sample bales. There is no evidence tending to show that the condition of the hair was liable to be affected by the carriage from Chicago to Hamburg, and evidence of its condition in Hamburg was admissible as tending to show its condition when delivered to the plaintiff in Chicago, but evidence that its value at Hamburg was a certain per cent. less than the hair in the sample bales is not evidence tending to prove the actual value in Chicago of the hair delivered.

There was evidence tending to show that the hair was not bought for the domestic market, but was bought to be shipped abroad, and that this was known to the defendant when he sold the hair. If the hair was bought to be shipped abroad, and this was known to the defendant when he sold the hair, then plaintiff's measure of damages was the difference between the value of the hair as warranted and its actual value at the place and for the purpose contemplated. Bridge v. Wain, 1 Stark, 504; Converse v. Burrows, 2 Minn. 191; Camden Oil Co. v. Schlens, 59 Md. 31; 2 Sutherland Dam. 425; 2 Sedgwick Dam. sec. 762.

If on the evidence it can be said that the shipment of the hair to Hamburg for sale there was within the contemplation of the parties, and the rule of damages last above stated applicable to the facts of this case, the judgment must be reversed, because there is no evidence of the value in Hamburg either of the hair in the sample bales or of the hair delivered to Weingreen, but only evidence that the value of the hair delivered was fifty per cent. less than the value of the hair in the sample bales. Evidence of the price paid by Weingreen to the plaintiff for the hair as warranted delivered f. o. b. in New York, was not evidence tending to show the value of the hair as warranted in Hamburg.

For the reasons indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*