WILLIAM T. CRAIG *et al.*

*v.*

ALBERT ROHRER.

1. EVIDENCE—*test of credibility.* The credibility of a witness may be affected by contradictory testimony without showing that his statements are intentionally false or material to the issue.

2. Proof that a witness has, on former occasions, made statements at variance with his testimony on the trial, has a direct tendency to impeach his veracity or his memory.

3. It is the province of the jury to determine to what extent the credibility of a witness is affected by testimony tending to his impeachment.

4. IN MATTERS COLLATERAL. Though a witness can not be contradicted as to matters purely collateral, the jury may consider and weigh such contradictory statements when suffered to be made without objection.

5. CONTRADICTORY STATEMENTS—*exact language not necessary.* In proving the previous statements of a party who testifies in his own behalf, and which tend to defeat his action, it is sufficient to give the substance of his admissions, without repeating his exact language.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

This was an action in replevin for the recovery of certain cattle in the possession of Craig claimed by Rohrer. The case is voluminous, but all that was material is embodied in the facts furnished by the opinion, in which are repeated the erroneous instructions of the court below as to the effect of testimony brought by the appellants to contradict and discredit the evidence given by the appellee in his own behalf.

Messrs. MORRISON & WHITLOCK, for the appellants.

Mr. HENRY E. DUMMER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The giving of the following instruction to the jury in this case, is assigned as error:

" The court instructs for the plaintiff that, before the jury can allow any contradiction of the testimony of any of the witnesses to affect their credibility in this suit, the jury must be satisfied, from the evidence, that such contradiction is not only true but is upon a matter material to the issue in this case, and also that the testimony so contradicted was intentionally false."

The instruction was clearly erroneous. A recognized mode of impeaching the credit of a witness is by proof that he has made statements out of court contrary to what he has testified at the trial. Such proof has a direct tendency to impeach either the veracity or the memory of the witness. There is no legal warrant requiring, as conditions to affect the credibility of the witness, that the testimony so contradicted should be material to the issue and intentionally false, as asserted by the instruction.

Testimony may affect the party against whom it is adduced whether it be true or false, and if false, whether it be so intentionally or unintentionally ; and evidence of contradictory statements by the witness giving the testimony tends to affect his credibility, whatever be the character of the testimony so contradicted, in these respects.

It is true that a witness can not be contradicted as to matters purely collateral, but where contradictory statements, by a witness in a matter collateral, are suffered to be proved without objection, such evidence being in the case, tends, as we conceive, to affect the credibility of the witness, and may be so considered and weighed by the jury.

The evidence offered of contradictory statements by the witnesses tended to impeach their veracity; to what extent it

affected their credibility was entirely a question for the jury, and they were misdirected in this respect by the instruction.

As the case will go before another jury, and the ninth instruction given for the plaintiff might be repeated, we will observe that we think that objectionable as applied to the facts of this case, as calculated to mislead the jury.

It was as follows:

" That in determining the weight to be given to the conversations and statements detailed by witnesses in this case, so far as the force of such conversations or statements depend upon the certainty that the exact language used by the witness was also used by the party whose conversations were attempted to be detailed, such evidence is regarded in law as weak, and is classed among the least reliable kinds of testimony, and the jury should regard such testimony in this case as the jury may find to be of that character, in connection with all the other testimony in the case, and give it such weight as the jury may in their discretion determine to be right."

This was not a case where the importance of the exactness of language was involved, or any question raised in respect to it. The plaintiff testified in the case in his own behalf. Very much essential testimony on the part of the defendants consisted in the admissions of the plaintiff and contradictory statements by his most important witnesses.

The admissions of plaintiff were of facts, which, if true, were fatal to his action. They were not only deliberately and repeatedly made, but the plaintiff himself on the stand conceded that he had made them. The instruction applying to all the conversations and statements testified to, without any discrimination, was well calculated to mislead the jury into the idea that these admissions of the plaintiff were regarded in law as weak evidence, and classed among the least reliable kinds of testimony; whereas, under the circumstances of the

present case, having been deliberately and confessedly made, they were strong evidence against the plaintiff. 1 Greenleaf Ev. sec. 200; *Comm.* v. *Knapp,* 9 Pick. 507; *Ray* v. *Bell,* 24 Ill. 444.

The judgment of the court below is reversed and the cause. remanded. ·

*Judgment reversed.*