# Thomas H. McClure

*v.*

# Chester K. Williams.

1. WITNESS—*credibility.* Where the court instructed the jury if a certain witness wilfully testified falsely to any material fact, then they were at liberty to disregard all his uncorroborated evidence: *Held,* that, while the instruction might have been more precise, it was not deemed such as to mislead, as the jury, no doubt, understood it to mean that the witness must have knowingly sworn to what was false.

2. INSTRUCTION—*as to effect withdrawing general issue.* On the trial of a suit in which the defendant had withdrawn the general issue and filed various special pleas, the court, at the instance of the plaintiff, instructed the jury that, by withdrawing the general issue, the defendant admitted all the material averments in the declaration, without stating what they were or what was thus admitted: *Held,* that the instruction was calculated to mislead the jury, and, therefore, erroneous.

3. SAME—*as to burden of proof.* Where the defendant pleaded special pleas without the general issue, the court instructed the jury that the burden was upon the defendant to prove each of the several issues formed by the pleadings: *Held,* that the instruction was not properly guarded, as the jury may have inferred from it that the defendant was bound to prove all his pleas by a preponderance of evidence, whereas he was entitled to recover if he succeeded on either one.

4. PLEADING—*failure of consideration, by breach of warranty.* A plea to an action on a promissory note averred that the consideration for $700 of the note was the purchase of a flock of sheep, and that the plaintiff represented that they were cured and entirely free from a disease called the scab, which they previously had, and if not, defendant need not pay that sum; that said sheep were not cured and entirely free from that disease, and that they had continued to be infected with it, and that the flock of sheep were worthless and of no value: *Held,* that, while this plea was very inartificially drawn, it presented facts which, if proved, constituted a warranty of soundness and a breach, and that it was error to instruct the jury to disregard such plea.

5. And where another plea, similar to the one stated, except it averred an assurance that the sheep would recover and become well of the disease called the scab, was filed, upon which issue was taken: *Held,* that such plea might be regarded as setting up a warranty that the sheep would recover from the disease, and a breach, and that an instruction to disregard it, as presenting an immaterial issue, was erroneous.

6. IMMATERIAL ISSUE—*practice.* When pleas present immaterial issues, the proper practice is to move to strike them from the files.

7. WARRANTY—*measure of damages for breach.* If sheep are sold, with a warranty that they have entirely recovered from a disease they previously had, or that they would recover from the same, and such warranty is broken, the purchaser, when sued upon the note given for the price, if he has kept the sheep, will have the right to have his damages deducted from the amount of the note; and the measure of those damages will be the difference in value of the property at the time the warranty was broken and what its value would have been had the warranty been true.

8. SAME—*evidence of value proper.* As the value of property, at the time when a warranty of its soundness is broken, with interest, is the measure of the seller's recovery, it is error to refuse evidence on the part of the purchaser, when sued, to prove the value, where the warranty and a breach thereof is set up in defense, for, without such proof, the jury, on finding a breach of warranty, could not fix the amount of recovery, or say whether there should be none because the property was worthless.

APPEAL from the Circuit Court of Stephenson county; the Hon. WILLIAM BROWN, Judge, presiding.

Messrs. EUSTACE, BARGE & DIXON, and Mr. EMERY A. STORRS, for the appellant.

Mr. J. M. BAILEY, and Mr. J. I. NEFF, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, commenced by appellee in the circuit court of Ogle county, against appellant. The declaration contained a special count on a promissory note given by appellant for $708.75, to appellee, and the common counts alleging that appellant was indebted to appellee in the sum of $1000. To this declaration, appellant filed the general issue, but it was subsequently withdrawn. Several special pleas were also filed, on each of which there was formed an issue of fact.

Two trials were had, resulting in verdicts in favor of appellant, but the verdicts were set aside, and new trials were granted. Afterwards, the venue of the case was changed to the circuit court of Stephenson county, where a third trial

was had, resulting in a verdict and judgment in favor of plaintiff, from which defendant appeals to this court.

It is objected that the court below erred in giving appellee's first instruction. It is not liable to the criticism made by appellant's counsel. It says that if the witness wilfully testified falsely to any material fact, then the jury were at liberty to disregard all of his uncorroborated evidence. The meaning given to it by the jury, no doubt, was that he must have knowingly sworn to what was false. If he wilfully testified falsely, then the falsehood must have been intentional; and the unobjectionable evidence referred to in the instruction would be understood as being evidence to which the jury found no objection; and they, no doubt, understood the material fact as relating to the case. It is true, the instruction might have been more precise, but we do not see that it could have misled the jury, as given.

The sixth instruction given for appellee was calculated to mislead the jury. It told them that, by withdrawing the plea of the general issue, the defendant admitted all the material averments in the declaration, without stating what they were. Under such an instruction, any but lawyers would be liable to be misled to believe that the sum claimed in the declaration was a very material averment. Before this instruction was given, it should have been so modified as to have informed the jury what material averments were admitted.

The seventh of appellee's instructions was not properly guarded. From it the jury might have understood that appellant was bound to prove all of his pleas by a preponderance of evidence, before he could succeed. It says: "The burden is upon the defendant to prove each of the several issues formed by the pleadings." This should have been qualified by informing them that if he, however, maintained, by proof, any one of the issues, he would be entitled to a verdict. Unaccompanied by any such explanation, the jury were liable to believe all of the issues must be found in his favor, to entitle

him to a verdict; whilst all persons in the profession know that if a defendant plead, and proves one plea in bar, he is entitled to judgment.

The fourteenth of appellee's instructions tells the jury to disregard the second, third, fourth and fifth of appellant's pleas, as they present no defense to the action.

The fifth plea avers that the consideration for $700 of the note was the purchase of a flock of sheep, and that appellee represented that they were cured, and entirely free from a disease called the scab, which they previously had, and if not, that appellee need not pay that sum; and it avers that they were not cured, and entirely free from that disease, and that they had continued to be infected with it, and that the flock of sheep were worthless and of no value. Whilst this plea is very inartificially drawn, it still presented facts, and they were traversed, which constitute a warranty and breach. If proved, as averred, it would be a warranty of soundness, and its breach. It is true, the plea does not profess, in terms, to set up a warranty, but the law requires no form of words to constitute a warranty. In the plea, an assurance of the soundness of the sheep was averred, and the plea avers that the assurance was accepted and acted upon. The instruction was, therefore, improper, and should not have been given.

The fifteenth of appellee's instructions directs the jury to disregard the sixth plea, because it did not present a material issue. It, like the fifth, was unskillfully drawn, but is similar to the fifth, only it avers an assurance that the sheep would recover and become well of the disease called the scab. It may also be regarded as a warranty that the sheep would recover from the disease, and a breach of the warranty. That instruction should not have been given. These pleas did not profess to vary the note by parol evidence, but were, in substance, pleas of warranty.

Had the pleas presented immaterial issues, the proper practice would have been to strike them from the files. By doing so, the record becomes disincumbered of the pleas, and

the jury are freed from examining the record to ascertain the facts averred in the pleas, and thus relieving the jury from embarrassment. By striking them out, there is no tendency to prejudice the jury by telling them that such facts form no defense.

If a warranty and its breach were proved, as is averred in the pleas, then appellant had the right to have the jury find the difference in the value of the property at the time the warranty was broken and what it would have been had the warranty been true, and have that sum deducted from the note. Appellant had the right to keep the sheep, and rely upon the warranty; and in doing so, he could not, on showing a breach of the warranty, be compelled to pay for the sheep more than they were worth in their diseased condition, if the warranty and its breach were proved.

After an examination of the instructions given, we are not prepared to say the court erred in withholding from the jury those that were refused on the part of appellant. Those given, we think, fairly presented the proper legal aspect of his side of the case.

But the court erred in refusing to permit Rosentiel to answer questions as to value of the sheep, and damages, as the evidence was material as to the question of warranty. The value of the property at the time when a warranty is broken, with interest, is the measure of the seller's recovery when he sues for its value. Hence, as a warranty and its breach were relied on in this case, such testimony was pertinent to that issue, and it should have been admitted. Without such evidence, the jury, if they found there was a warranty, and its breach, would be wholly unable to fix the amount of recovery, or to say whether there should be none, because the property was worthless.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*