### J. E. SMITH ET AL. v. H. WILSON.

Application No. 1741.—Decided February 24, 1898.

### J. E. SMITH ET AL. v. H. WILSON.

Application No. 1742.—Decided February 24, 1898.

**1. Jurisdiction of Supreme Court—Amount—Reconvention.**

Where plaintiffs' suit was dismissed, but defendant's plea in reconvention for damages by suing out an injunction was retained and tried, the Supreme Court had no jurisdiction if the amount claimed in the plea did not exceed $1000. (P. 594.)

**2. Same—Amount in Controversy—Damages not Recoverable.**

A claim of damages for suing out an injunction, in the sum of $1250, of which sum $250 was for attorney's fees, and not legally recoverable, was in effect a suit for $1000. (P. 504-505.)

**3. Same.**

Where plaintiff in such case prosecuted writ of error, and also instituted an original proceeding in the trial court to set the judgment aside,—which being refused, he appealed, Held, that the Supreme Court had no jurisdiction to grant writ of error in either case on their affirmance. (P. 505.)

APPLICATION for writs of error to the Court of Civil Appeals for the First District, in an appeal and writ of error from Houston County.

*Adams & Adams,* for applicants, filed a motion for rehearing, in which they urged: The plea alleges that the injunction was maliciously sued out, and under this claim as exemplary damages attorney's fees might be considered. In the case cited by the court, 74 Texas, 47, the collection of money was enjoined and the statute fixed the penalty, while in this case the injunction was, as claimed by appellant, wrongfully and maliciously sued out and damaged his business, etc. If the writ was both wrongfully and maliciously sued out to appellant's damage, we think he would have been entitled to prove his attorney's fees to be considered in the award of exemplary damages.

We further submit that this was an independent suit, especially in so far as it is alleged and shown that there was no final judgment, and that it could not have been brought in the County Court. In so far as it sought a new trial, it may properly be considered as an adjunct to the principal suit, but there was no final judgment and the injunction was the proper remedy to restrain the illegal execution issued. Execution cannot issue on a judgment which is not final. Bradford v. Taylor, 64 Texas, 169.

*The motion was overruled.*

GAINES, Chief Justice.—These two applications may be disposed of in the same opinion.

The principal applicant—Smith—brought suit against the defendant in the application—Wilson—and prayed a writ of injunction, which was granted. He gave bond in the sum of $300 with his co-applicants as his sureties. The defendant pleaded in reconvention, claiming damages for the wrongful issue of the writ, of the plaintiff and the sureties on the injunction bond. The plaintiff dismissed his suit, and the cross-action was dismissed with it, but was subsequently reinstated. A trial resulted in a judgment in favor of the defendant against the plaintiff and his sureties in the sum of $300. A writ of error to that judgment was prosecuted in the Court of Civil Appeals and it was affirmed. To obtain a writ of error to the latter judgment application No. 1741 is filed.

In addition to suing out the writ of error to the judgment of the District Court, Smith and his sureties also brought in that court an original action to vacate that judgment and for a new trial. The trial court set aside the judgment, but upon appeal the Court of Civil Appeals reversed that decision and reinstated the former judgment. Application No. 1742 is for a writ of error in this latter case.

We are of the opinion, that we are without jurisdiction to grant either application. In the original suit when the plaintiff dismissed his petition, the case stood precisely as if the defendant had brought an action in the first instance for his damages. He claimed in his cross-action $1000 damages and in addition $250 as attorney's fees. It has been held, that in action for damages for wrongfully suing out a writ of injunction, attorney's fees are not recoverable. Railway Co. v. Ware,

74 Texas, 47. With respect to the question of jurisdiction, the case is not different from a suit upon a promissory note for $1000, with an allegation of damages to the amount of $1250, and a prayer for the recovery of that sum. The County Court would have had under the Constitution jurisdiction of such a case and so the defendant's cross-action in this case might have been brought in that court. The decision of the Court of Civil Appeals is therefore final. Rev. Stats., art. 996.

For a like reason, we have no jurisdiction over the action for a new trial of the former suit. If it is to be considered in all respects as an original and independent action, then it might have been brought in the County Court for the amount in controversy does not exceed $1000. If, for the reason that its object was to set aside a judgment and to obtain a new trial, it had to be brought in the court where the judgment was rendered, then it was an adjunct of the original cause and the jurisdiction of the Court of Civil Appeals and of this court over it would depend upon the jurisdiction over that case. In either event the jurisdiction of the Court of Civil Appeals is final and we are denied the power to grant a writ of error thereto. Rev. Stats., art. 996.

Both applications are therefore dismissed for want of jurisdiction.