## MARTIN v. JEFFRIES.

(Court of Civil Appeals of Texas. Austin. Feb. 5, 1913.)

1. BROKERS (§ 71*)—COMPENSATION—ACTION.

Where the owner of land entered into a contract with a broker to pay him a stipulated per cent. for finding a purchaser at a fixed price, and, pending the negotiations with a prospective purchaser, sold the land to him at a lesser price, thus preventing the broker from carrying out his contract, the broker cannot recover a compensation greater than that fixed in the contract, notwithstanding the breach, this being so regardless of what is a reasonable compensation.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 56; Dec. Dig. § 71.*]

2. COURTS (§ 122*)—STATE COURTS—JURISDICTION—PETITION.

While the allegations of the petition determine the amount in controversy, they must be allegations of fact, and not mere conclusions of the pleader, consequently, where a petition on its face showed that for breach of the owner's contract, a broker was entitled only to recover commissions to the extent of $500, the sum fixed by the percentage provided for in the contract, an allegation that a greater amount was a reasonable compensation cannot confer jurisdiction on the district court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413, 427; Dec. Dig. § 122.*]

Appeal from District Court, Hill County; C. M. Smithdeal, Judge.

Action by J. E. Jeffries against C. D. Martin. From a judgment for plaintiff, defendant appeals. Reversed, with directions to dismiss.

V. L. Shurtleff and C. L. Black, both of Hillsboro, for appellant. A. P. McKinnon and J. E. Clarke, both of Hillsboro, for appellee.

### Findings of Fact.

JENKINS, J. Appellant made a verbal contract with the appellee, by which he agreed to give him 4 per cent. commission on the sale of a tract of land, price $100 per acre, amounting in the aggregate to $12,500. Appellee found a purchaser and showed him the land, and the purchaser offered $97.50 for it per acre. Subsequently appellant, with knowledge of the fact that appellee had shown the land to the purchaser, and was trying to sell the same to him, sold the land to said purchaser for $12,000. Appellee brought this suit setting up said contract, and alleging that, by reason of the acts of appellant, he "was thereby deprived of earning his said commission under said contract, which would have been $500—that is to say, the said 4 per cent. of $12,500—the price at which said land was

listed with plaintiff for sale as hereinbefore alleged; that plaintiff by reason of his said contract with defendant, and by reason of his procuring said purchaser, to whom defendant sold said premises, is entitled to a reasonable compensation for his said services, which he alleges is 5 per cent. of the total price received by the defendant from the sale of said land to the said Dickson (the purchaser), which he alleges is $600; that defendant became liable and promised to pay plaintiff the said sum of $600 by reason of the premises." There was a verdict and judgment in favor of appellee for $475.

### Opinion.

[1] Appellee's cause of action was based upon the alleged violation of a contract with appellant, by reason of which it is alleged that, had he been permitted to carry out said contract, he would have been entitled to receive $500 commission on the sale of said land. Appellant, by proper assignments, insists that the district court had no jurisdiction to try this case, for the reason that the petition shows upon its face that the appellee in no event was entitled to recover more than $500. We sustain appellant's contention. Had appellee been permitted to carry out his contract, he would have been entitled to receive $500 for his services. This case does not involve the question of tort, as there was no oppression on the part of appellant, but simply a violation of his contract; and the allegation in plaintiff's petition that 5 per cent. on the amount received for said land, to wit, $12,000, was a reasonable commission for the sale of said land, does not give the court jurisdiction. The contract fixed the amount of his compensation, and he is not entitled to a greater compensation by reason of the fact that he was not allowed to carry out such contract than he would have been but for the alleged interference of appellant. Webb v. Barclay, 40 S. W. 1026; Ballew v. Casey, 60 Tex. 574; McDonald v. Cabiness, 100 Tex. 617, 102 S. W. 721.

[2] It is true that the allegations in the petition determine the amount in controversy, but such allegations must be allegations of fact and not the mere conclusions of the pleader; and, if the facts alleged show that the party is not entitled to recover more than a given amount, the allegations of additional facts, upon which it is apparent from the face of the petition he is not entitled to recover, does not give jurisdiction. Connor v. Sewell, 90 Tex. 275, 38 S. W. 35; Smith v. Wilson, 91 Tex. 503, 44 S. W. 672; Wells Fargo & Co. v. Burford, 126 S. W. 927, and authorities there cited.

The district court having no jurisdiction to try this case, the case is reversed and remanded, with instructions to the district court to dismiss the same.

Reversed, with instructions to dismiss.