WALKER GRAIN CO. et al. v. HOOD COUNTY MILL & ELEVATOR CO. et al.

(Court of Civil Appeals of Texas. Ft. Worth. April 26, 1913.)

1. SALES (§ 441*) — BREACH OF WARRANTY — ACTIONS FOR DAMAGES — SUFFICIENCY OF EVIDENCE.

Evidence, in an action for damages for breach of warranty of a car of wheat, held to sustain a finding that plaintiff was compelled to pay the amount of the draft for the wheat before it was permitted to inspect it.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1277–1283; Dec. Dig. § 441.*]

2. SALES (§ 441*)—BREACH OF WARRANTY—ACTIONS FOR DAMAGES—SUFFICIENCY OF EVIDENCE.

Evidence, in an action for breach of warranty of a car of wheat sold, held to sustain a finding that the wheat was damaged when it was loaded into the car for shipment.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1277–1283; Dec. Dig. § 441.*]

3. APPEAL AND ERROR (§ 1071*) — HARMLESS ERROR—FINDINGS.

A finding that defendant was a corporation instead of a partnership was harmless, if

erroneous, where judgment was rendered against it as a partnership.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4234–4239; Dec. Dig. § 1071.*]

Error to District Court, Hood County; W. J. Oxford, Judge.

Action by the Hood County Mill & Elevator Company against the Ft. Worth Grain & Elevator Company, in which the Walker Grain Company and another doing business under that name were made defendants together with a third party. Judgment over in favor of the Ft. Worth Company against the Walker Grain Company, and the latter company brings error. Affirmed.

Harris, Harris & Young and Lattimore, Cummings, Doyle & Bouldin, all of Ft. Worth, for plaintiff in error. Hiner & Dean and B. M. Estes, all of Granbury, and Spoonts, Thompson & Barwise, of Ft. Worth, for defendants in error.

DUNKLIN, J. This suit was instituted by the Hood County Mill & Elevator Company against the Ft. Worth Grain & Elevator Company to recover damages for a breach of warranty of quality of a car load of wheat purchased by the plaintiff from the defendant and for which plaintiff paid the sum of $1,490.60. It was alleged that the wheat was warranted to be #2 soft wheat and that it proved to be a very inferior grade. The Ft. Worth Grain & Elevator Company made the Walker Grain Company and J. L. Walker, doing business under that name, parties defendant and also the Ft. Worth & Rio Grande Railway Company, alleging that the wheat had been purchased from the Walker Grain Company under the same warranty of quality, and praying for judgment over against that company for whatever amount that the plaintiff might recover against the Ft. Worth Grain & Elevator Company; also for judgment over against the railway company upon the allegation that, if it should be proven that the wheat was in a damaged condition at the time it was received by the plaintiff and if it was in good condition at the time it was purchased from the Walker Grain Company by the Ft. Worth Grain & Elevator Company, then the railway company was liable to the Ft. Worth Grain & Elevator Company for such damage. The defendant Walker Grain Company filed an answer alleging that the wheat was #2 soft wheat and in good condition at the time it was loaded in the cars at Blackwell, Okl., from whence it was shipped into Texas, and that if it reached the plaintiff in a damaged condition then, the damage was the result of the negligence of the railway company in handling it, and upon such allegations the Walker Grain Company also sought judgment over against the railway company for any sum that might be assessed against the Walker Grain Company. A jury was waived

and the case tried before the court, who filed finding of fact and conclusions of law, and judgment was rendered in favor of the plaintiff against the Ft. Worth Grain & Elevator Company, and in favor of that company in the same sum over against the Walker Grain Company and J. L. Walker doing business under that name, and in favor of the railway company as against its two codefendants. From that judgment the Walker Grain Company has prosecuted this writ of error.

[1] The evidence shows that the wheat was shipped from Blackwell, Okl., and that it was not unloaded until it reached Granbury, where it was delivered to the plaintiff, having been sold by the Walker Grain Company to the Ft. Worth Grain & Elevator Company and sold by the latter company to the plaintiff. The evidence further showed that the Ft. Worth Grain & Elevator Company drew a draft on the plaintiff for the purchase price of the wheat with bill of lading attached; and the plaintiff in error has assigned error to the finding by the trial judge that plaintiff had to pay the amount of the draft before it could inspect the wheat. The bill of lading having been attached to the draft, it is quite evident that possession of the bill of lading could not be obtained until the draft was paid, and it was entirely reasonable for the trial court to conclude that the wheat could not be inspected in the absence of a presentation to the railway company of the bill of lading.

[2] Error has also been assigned to the finding by the trial judge that the wheat was in a damaged condition at the time it was loaded into the car at Blackwell, Okl., for shipment. The contention is made that this finding was without support in the evidence in view of the testimony of C. E. Webster, who loaded the wheat into the car, and A. McFarland, the official grain inspector of Blackwell, Okl., who inspected the wheat, both of whom testified that the wheat was #2 soft wheat and in good condition at the time it was loaded into the car. D. G. Cogdell testified that the wheat was in a bad condition at the time it was received at Granbury; that it was damp, moulded; and that it appeared to have been rained on, or at all events put in the car in a damp condition and that the warm weather had caused it to mould. There was also testimony to show that this damp and moulded condition was not due to any defect in the car in which it was shipped. This evidence was sufficient to sustain the finding of the trial judge.

[3] Error has been assigned, also, to the finding by the trial judge that the Walker Grain Company was a corporation and to the conclusion reached that the Ft. Worth Grain & Elevator Company was entitled to a judgment against it as a corporation. The judgment rendered against the Walker Grain Company designates that defendant as the "Walker Grain Company and J. L. Walker doing business under said firm name." If the finding by the trial judge that the Walker Grain Company was a corporation was erroneous, clearly, the error was harmless in view of the fact that the judgment was rendered against it as a firm.

It is further insisted that the amount of damages awarded was not supported by the evidence. This contention is based upon evidence of some of plaintiff's employés showing what was realized out of the wheat and tending to show that plaintiff realized an amount equal to the amount it had paid for the wheat. The testimony showed that some of the wheat was ground into flour, but that a good portion of it was sold for feed. The amount which the plaintiff was able by good management to realize out of the wheat does not necessarily determine its market value at the time plaintiff purchased it. The testimony of its market value introduced by plaintiff's witnesses was ample to support the finding now under discussion.

The judgment is affirmed.