FT. WORTH GRAIN & ELEVATOR CO. v. WALKER GRAIN CO. et al. (No. 7976.)

(Court of Civil Appeals of Texas. Ft. Worth. May 23, 1914. Rehearing Denied June 27, 1914.)

1. SALES (§ 427*)—CONTRACTS—WARRANTY—RIGHT OF ACTION.

Where a seller of a car of wheat warranted grade and quality, but did not have a car of that grade and quality, but learned that a third person had a car in transit and bought the same from him under a like warranty to fill the contract, and the car was transported to the buyer, who found that the wheat did not come up to the grade and quality, the transactions were independent, and the buyer could recover from the seller for breach of warranty, and the seller could recover from the third person for breach of warranty, though both rights depended on the same facts.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1210–1213; Dec. Dig. § 427.*]

2. SALES (§ 442*)—BREACH OF WARRANTY—MEASURE OF DAMAGES.

In the absence of special circumstances, the measure of damages for breach of warranty in a contract of sale is the difference between the value of the goods at the time of delivery and the value they would have had if they had conformed to the warranty.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1284–1301; Dec. Dig. § 442.*]

3. SALES (§ 442*)—BREACH OF WARRANTY—MEASURE OF DAMAGES.

The rule that, in the absence of special circumstances, the measure of damages for breach of warranty in the sale of goods is the difference between the value of the goods at the time of delivery and the value they would have had if they had conformed to the warranty is not changed by the fact that the buyer has resold for even a higher price than he paid for the goods.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1284–1301; Dec. Dig. § 442.*]

4. SALES (§ 248*)—BREACH OF WARRANTY—LIABILITY.

A seller of wheat, with a warranty of grade and quality, purchased wheat from a third person under a similar warranty to fill the contract. The buyer sued the seller for breach of warranty, and the seller made the third person a party. The buyer obtained a judgment against the seller and the seller a judgment over against the third person. Thereafter the seller settled with the buyer by paying a less sum than the amount of the judgment. The third person declined to participate in the settlement, but elected to prosecute an appeal from the judgment. Held, that the third person, on the affirmance of the judgment, was liable to the seller for the amount thereof, for the contract of the third person was one of warranty and not of indemnity, though the seller at one time indicated a willingness to treat the judgment in his favor against the third person as one for indemnity.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 707; Dec. Dig. § 248.*]

Appeal from District Court, Hood County; W. J. Oxford, Judge.

Action by the Walker Grain Company against the Ft. Worth Grain & Elevator Company. From a judgment granting relief, defendant appeals. Reversed.

Lattimore, Cummings, Doyle & Bouldin, of Ft. Worth, for appellant. Harris & Young, of Ft. Worth, for appellee.

CONNER, C. J. This is an appeal from a judgment perpetuating an injunction against the Ft. Worth Grain & Elevator Company from the collection of a balance due upon a judgment in favor of that company for the sum of $606.52, with interest and costs. The trial court filed conclusions of fact and law, from which, briefly stated, the following facts appear:

About July 30, 1909, the Ft. Worth Grain & Elevator Company sold to the Hood County Mill & Elevator Company one car of wheat, with warranty of grade and quality. At the time of said sale the Ft. Worth Grain & Elevator Company did not have a car of wheat of the warranted grade on hand, but, finding that the Walker Grain Company owned a car of such wheat then in transit between Oklahoma and Texas, bought the same for the purpose of filling its contract with the Hood County Mill & Elevator Company. The sale of the wheat by the Walker Grain Company

to the Ft. Worth Grain & Elevator Company was made upon a warranty like that of the Ft. Worth Grain & Elevator Company. The car was caused to continue in transit until its arrival and delivery to the Hood County Mill & Elevator Company in Hood county. After such delivery it was found that the wheat was in a decaying condition and not up to the grade and quality as guaranteed by both the vendors hereinbefore named. Notice of this condition of the wheat was given to the Ft. Worth Grain & Elevator Company, which in turn notified the Walker Grain Company, but, no satisfactory adjustment of the loss having been made, the Hood County Mill & Elevator Company instituted its suit for damages, declaring upon the warranty given by the Ft. Worth Grain & Elevator Company. The latter company answered, pleading a general denial, and, among other things, set up the warranty given by the Walker Grain Company, and prayed that it should be cited and recovery had against it for whatever sum, if any, should be adjudged in favor of the Hood County Mill & Elevator Company. Thereupon the Walker Grain Company was duly made a party and filed an answer which it is unnecessary at this time to notice. The case so outlined was tried on the 19th day of October, 1911, and resulted in a judgment:

"That the plaintiff the Hood County Mill & Elevator Company do have and recover judgment of and from the defendant the Ft. Worth Grain & Elevator Company in the sum of $606.52, together with interest thereon at the rate of 6 per cent. per annum from August 24, 1909, and for all costs in this behalf expended, for all of which the said plaintiff shall have its execution; and the said defendant the Ft. Worth Grain & Elevator Company do have and recover judgment of and from the defendant the Walker Grain Company and the said J. L. Walker (alleged to have been doing business under the name of Walker Grain Company) in the sum of $606.52, together with interest thereon at 6 per cent. per annum from August 24, 1909, and for all costs of court, for all of which said defendant shall have its execution."

Both the Ft. Worth Grain & Elevator Company and the Walker Grain Company duly appealed from the judgment so rendered. During the pendency of the appeal, and upon inducements not necessary to here recite, the Ft. Worth Grain & Elevator Company compromised the judgment against it in favor of the Hood County Mill & Elevator Company by the payment of $450, and abandoned its appeal. During the negotiations leading up to this settlement, the Ft. Worth Grain & Elevator Company sought to have the Walker Grain Company join in the compromise, but this the latter company declined to do, insisting that it would prosecute its appeal and be able ultimately to show that its warranty had not been breached. The judgment entire, however, was later duly affirmed by this court. See Walker Grain Co. v. Hood County Mill & Elevator Co., 157 S. W. 444.

Thereafter the Walker Grain Company deposited in the registry of the court in Hood county the sum of $450, together with lawful interest thereon from the date of the settlement on the part of the Ft. Worth Grain & Elevator Company and all costs of the litigation. Thereafter the present action began by the filing of a petition for an injunction by the Walker Grain Company seeking to restrain a further collection of the judgment in favor of the Ft. Worth Grain & Elevator Company. A writ of injunction was duly issued as prayed for, and upon a hearing by the court the writ was made perpetual, as stated in the beginning. The court found the facts we have stated, and concluded in effect that the judgment in favor of the Ft. Worth Grain & Elevator Company was one of indemnity only, and that the Walker Grain Company having discharged the full sum, with interest and costs, paid by the Ft. Worth Grain & Elevator Company in discharge of the judgment against it in favor of the Hood County Mill & Elevator Company, was entitled to be relieved, and hence perpetuated the injunction, as stated.

[1] The question of whether the court correctly perpetuated the injunction is dependent, we think, upon the character of the original obligation on the part of the Walker Grain Company and of the judgment rendered against it. To our minds the contract of the Walker Grain Company, when it sold the car of wheat referred to, was not one of indemnity, but was a warranty of the grade and quality of the wheat sold. This contract of warranty was entirely independent of the contract and sale to the Hood County Mill & Elevator Company. Upon showing a breach of the warranty, the Ft. Worth Grain & Elevator Company had a right of recovery against the Walker Grain Company, regardless of the transaction with the Hood County Mill & Elevator Company. The two transactions were in no sense interdependent. True, the right of the Hood County Mill & Elevator Company to recover against the Ft. Worth Grain & Elevator Company, and the right of the latter company to recover against the Walker Grain Company, both depended upon the establishment of the same fact, to wit, the fact that the wheat was not as warranted, and whether the two causes of action were tried together or separately was wholly immaterial.

[2] In either case the measure of damage was the same; that is, in the absence of special circumstances, the measure in both cases was the difference between the value of the goods at the time of delivery and the value they would have had if they had answered to the warranty. See 5 Elliott on Contracts, § 5113, and the great number of authorities cited in note to the case of Cary v. Gruman, 40 Am. Dec. 303.

[3] In the section from Mr. Elliott above cited, it is stated, among other things, that:

"The rule is not changed by the fact that the buyer has resold the goods for even a higher price than he paid for them."

And this statement is fortified by a number of authorities cited in a note, among which are the following: Wheelock v. Berkeley, by the Supreme Court of Illinois, 138 Ill. 153, 27 N. E. 942; Denton v. Fisher, by the Maryland Court of Appeals, published in 102 Md. 386, 62 Atl. 627, 3 L. R. A. (N. S.) 465.

In Wheelock v. Berkeley, it is said inter alia that:

"The measure of damages for a breach of warranty is the difference between the value of the property as warranted and its actual value, at the date of the breach. McClure v. Williams, 65 Ill. 390; 2 Sutherland on Damages, p. 425 et seq. It is therefore of no consequence what the purchaser may have realized from the property."

In the Maryland case it was said, quoting from the headnote:

"That a purchaser of grain has resold it and not refunded the purchase price on discovering a shortage does not defeat his right to maintain an action against his vendor for the shortage."

That was a case in substance in which Denton Bros. sued their vendors for a deficiency in grain resold by Denton Bros. The original vendors resisted the suit on the ground that Denton Bros. had not paid to their vendees the amount for which Denton Bros. were liable to their vendees on resale. The court said:

"The right of the vendee to recover from the vendor for a failure of consideration is founded on the simple fact that the former has not received from the latter what the vendor sold and agreed to deliver, and what the vendee paid for and contracted to get. The breach consists in the failure of the vendor to live up to his contract, and no consequent sale of the grain by the vendee can obliterate or condone that breach. If a sale of the same commodity by the vendee to a subvendee extinguishes the responsibility of the vendor to make good a shortage to his vendee, then a payment to the subvendee by his vendor of the damages caused by the shortage would revive the first vendor's responsibility to his vendee; and thus the obligation of the first vendor to make good a deficiency to his vendee would depend, not upon his own breach of contract of sale, but upon a collateral and independent transaction between the vendee and a third party, who is a total stranger to the original contract of sale."

Numerous cases are cited in support of the principle embodied in the quotation we have made. Some of them seem to have apt application to the case before us. In one of them (Muller v. Eno, 14 N. Y. 597) it was said:

" 'The purchaser may recover for the breach (of a warranty), although he has sold the goods and no claim has been made upon him, and he is liable to none on account of the alleged defect. Nor in such an action is he required to prove the price at which he resold the goods. * * * The price * * * may be evidence of the amount of damages, but it does not furnish the rule.' * * * The vendor 'is required simply to make good his own contract, and I do not see how he can discharge that obligation by inquiring into relations between other parties. * * * The promise is not one of indemnity against loss on a resale.' "

We also invite consideration of other cases cited in the opinion referred to.

[4] In the case before us, as alleged in the pleadings of the original suit, the present appellees sold to the appellant company a car of wheat with a warranty of its grade. It was later established in a judicial proceeding, in which the present appellees were parties, that this warranty was breached and the amount of the deficiency or damage was fixed by a verdict of the jury and the judgment of the court. Not only were the causes of action set up by the Hood County Mill & Elevator Company and the Ft. Worth Grain & Elevator Company distinct and noninterdependent, but so also were the judgments against the Ft. Worth Grain & Elevator Company and against the Walker Grain Company. How, then, can it be material to the Walker Grain Company that the Ft. Worth Grain & Elevator Company succeeded in satisfying its judgment upon favorable terms? The Walker Grain Company was, as found by the court, offered an opportunity to participate in this settlement, and, had it done so, could thus have satisfied the judgment against it upon the same terms as did the Ft. Worth Grain & Elevator Company, but the Walker Grain Company declined to join in this compromise and elected to prosecute its appeal. Having failed in this, it would seem that it was not thereafter in position to be relieved from the legal effect of the judgment so affirmed, on the ground that the appellant company had succeeded in extricating itself by the payment of a sum less than called for by the judgment enjoined. It can make no difference, we think, that the two defendants joined in resisting the complaint of the Hood County Mill & Elevator Company, or later joined in prosecuting an appeal. It was to their mutual interest to defeat the allegation that the wheat was not as warranted, but beyond this their interests were conflicting both in the pleadings and in the proof. For the Ft. Worth Grain & Elevator Company distinctly set up the warranty of the present appellees, and the present appellees as distinctly denied it. True, there seems to have been no material controversy over this issue, doubtless because the fact that appellees had given warranty as alleged was undisputed. Nor can it make any difference, we think, that the present appellant at one time indicated a willingness to in effect treat the judgment in its favor against appellees as one for indemnity. The offer of appellant to permit appellees to join in the compromise was a matter of grace which was declined, and appellees cannot now complain when called upon to satisfy in full the judgment against it.

We conclude that the court's findings of fact as stated by us should be adopted, but that the judgment should be reversed and here entered dissolving the injunction.