WATSON v. EVANS. (No. 1184.)

(Court of Civil Appeals of Texas. Amarillo. June 6, 1917.)

1. USURY ⬠76 — EFFECT — LIABILITY FOR PRINCIPAL.
  The charging of usurious interest does not render unenforceable the agreement to pay the principal.
  [Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 149–152.]

2. APPEAL AND ERROR ⬠50(1) — DECISIONS APPEALABLE—AMOUNT IN CONTROVERSY.
  Where plaintiff alleged he had paid usurious interest in the sum of $42.30, and that defendant was still asserting an illegal claim against plaintiff for $20, the principal debt, and prayed for judgment for $84.60, double the usurious interest, and for cancellation of the alleged debt, the Court of Civil Appeals was without jurisdiction of the appeal; the real amount in controversy being only $84.60, since plaintiff could not recover double the usurious interest and in addition have cancellation of the principal debt.
  [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 233–236, 240–253.]

Appeal from Dallas County Court; T. A. Works, Judge.

Action by H. S. Watson against Miss E. Evans. From judgment for defendant, plaintiff appeals. Appeal dismissed.

Geo. Clifton Edwards and Nat L. Hardy, both of Dallas, for appellant. Ellis P. House, of Dallas, for appellee.

BOYCE, J. This was a suit by appellant against appellee to recover usurious interest, and to cancel the claim of appellant for the principal remaining unpaid. Appellant alleged that on December 1, 1914, he borrowed of appellee $60, and paid thereupon $12.90 for seven consecutive months, beginning with January 1, 1915, a total of $90.30, of which amount $30.30 was usurious interest; that about July 1, 1915, he borrowed $20 from appellee, and paid $6 per month on July 1, and August 1, 1915, as usurious interest on said loan; that he had thus paid appellee a total of $42.30 usurious interest, and appellee was still asserting an illegal claim against appellant for $20. He prayed for judgment for $84.60, double the amount of the usurious interest and for "cancellation of any alleged indebtedness, or evidence thereof, asserted by defendant (appellee)."

[1, 2] The charge of usurious interest did not make the agreement to repay the principal void. Appellant could not recover double the amount of the usurious interest, and in addition have a cancellation of the principal indebtedness. He might have the usurious interest paid applied to the principal indebtedness remaining unpaid and cancel it in this way, but this application would then reduce proportionally the amount of the recovery. So · that while appellant prayed for judgment for $84.60, and in addition a cancellation of the claim for $20, the statement on its face showed no legal right

---
⬠For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to such additional relief, and the real amount in controversy was the sum of $84.60. This court is without jurisdiction, and the appeal will be dismissed. Connor v. Sewell, 90 Tex. 275, 38 S. W. 35; Smith v. Wilson, 91 Tex. 503, 44 S. W. 672; Martin v. Jeffries, 153 S. W. 658; Western Union Telegraph Co. v. Arnold, 97 Tex. 365, 77 S. W. 249, 79 S. W. 8; Continental Casualty Co. v. Morris, 46 Tex. Civ. App. 394, 102 S. W. 773.