WALKER GRAIN CO. et al. v. FT. WORTH GRAIN & ELEVATOR CO.
(No. 50-2723.)

(Commission of Appeals of Texas, Section A. March 5, 1919.)

1. APPEAL AND ERROR ⨀⇒32—TEXAS COURT OF CIVIL APPEALS—FINALITY OF JUDGMENT —STATUTE.

Under Rev. St. 1911, art. 1591, making certain judgments of Court of Civil Appeals final in any civil case appealed from county or from a district court, etc., and where county court under the Constitution and but for article 4653 would have had original jurisdiction of an action in which the judgment was rendered and jurisdiction of action to enjoin collection of such judgment, a judgment of Court of Civil Appeals upon appeal from district court in the injunction suit was final.

2. APPEAL AND ERROR ⨀⇒32— TEXAS COURT OF CIVIL APPEALS—FINALITY OF JUDGMENT —STATUTE.

Rev. St. 1911, art. 1591, making judgment of Court of Civil Appeals final in any civil case appealed from county court or from district court when under the Constitution a county court would have had original or appellate jurisdiction to try it, applies to adjunct or ancillary proceedings as well as to the original action.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by the Walker Grain Company and others against the Ft. Worth Grain & Elevator Company, to enjoin the collection of a judgment. Temporary writ of injunction was made perpetual, and from a judgment of the Court of Civil Appeals, 168 S. W. 470, reversing the judgment of the District Court and entering a judgment dissolving the injunction, plaintiffs bring error. Writ of error dismissed for want of jurisdiction.

Harris & Young, of Ft. Worth, for plaintiffs in error.

Lattimore, Cummings, Doyle & Bouldin, of Ft. Worth, for defendant in error.

STRONG, J. The Hood County Mill & Elevator Company sued the defendant in error in the district court of Hood county for the sum of $900. Defendant in error answered, making plaintiffs in error parties, and prayed judgment against them for whatever amount plaintiff might recover against it. The trial resulted in a judgment in favor of plaintiff against the defendant in error for the sum of $600.52 and in favor of defendant in error over against the plaintiffs in error for the same amount. Both defendants perfected their appeal to the Court of Civil Appeals. Pending the appeal, the defendant in error compromised the judgment against it, with the plaintiff Hood County Mill & Elevator Company, by paying $450, and abandoned its appeal. The plaintiffs in error continued to prosecute their appeal, but the judgment of the trial court was affirmed by the Court of Civil Appeals. Walker Grain Co. v. Hood County Mill & Elevator Co., 157 S. W. 444. The plaintiffs in error then deposited in the registry of the district court of Hood county the sum of $450 together with lawful interest and all costs of the litigation, upon the theory that the judgment of defendant in error against them was one of indemnity, and that the settlement made by defendant in error with the plaintiff in the judgment inured to their benefit. Defendant in error refused to accept this amount, and caused execution to issue on the judgment. Plaintiffs in error instituted this action to restrain a further collection of the judgment. A temporary writ of injunction was issued, and upon final hearing was made perpetual by the district court. The Court of Civil Appeals reversed the judgment of the district court, and entered judgment dissolving the injunction. 168 S. W. 470. The case is before this court upon the application of plaintiffs for writ of error.

[1, 2] It is contended by the defendant in error that the judgment of the Court of Civil Appeals is final. The statute provides, subject to certain exceptions, none of which apply in this case, that the judgment of the Court of Civil Appeals shall be final in "any civil case appealed from a county court or from a district court, when, under the Consti-

⨀⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tution, a county court would have had original or appellate jurisdiction to try it." Article 1591, R. S. 1911. This statute has been held to apply to adjunct or ancillary proceedings as well as to the original action. Smith v. Wilson, 91 Tex. 503, 44 S. W. 672. The county court would have had original jurisdiction to try the case in which the judgment, here under attack, was rendered, and would have had. jurisdiction to try this action for injunction, but for the statute requiring such proceeding to be brought in the court in which the judgment sought to be enjoined was rendered. Article 4653, R. S. 1911. This being true, we are of opinion that the judgment of the Court of Civil Appeals is final, and that the application for writ of error should be dismissed. Smith v. Wilson, supra; Cole v. Cobolini, 106 Tex. 472, 170 S. W. 1036; McFarland v. Hammond, 106 Tex. 579, 173 S. W. 645.

PHILLIPS, C. J. The case will be dismissed for want of jurisdiction.